## HEMPHILL v. CERTAIN LANDS IN BALDWIN DRAINAGE DIST. et al.

(District Court, S. D. Florida. October 15, 1925.)

No. 323.

1. **Drains ⊜14(4)—In receiver's suit to collect taxes, property owners cannot object that lands included were not contiguous.**

In suit to recover delinquent taxes by receiver of a drainage district, established pursuant to Florida statutes by decree of circuit court, property owners cannot collaterally attack the organization of the district because it embraces noncontiguous lands; the only way to correct such error being by appeal as provided by statute.

2. **Drains ⊜18 — After validation of bonds without appeal, property owners, in suit to enforce taxes, cannot contest validity of bonds.**

In suit to enforce delinquent taxes by receiver of drainage district which had been duly organized under Florida statutes, and the bonds of which had been duly validated, without appeal from the validation, it is too late for the taxpayer to contest validity of bonds.

3. **Drains ⊜14(3)—Regularity of formation of drainage district cannot be considered in suit to enforce taxes.**

Where drainage district was organized under Florida statutes and operated for 8 years, selling bonds and constructing drains until institution of bondholders' suit, and had been recognized by the state as a public corporation, the regularity of its formation cannot be questioned by taxpayers.

9 F.(2d)—6

4. **Drains ⊜90—Receiver of district entitled to recover penalty and attorney fees for nonpayment.**

In suit to enforce delinquent drainage taxes by receiver of district organized under Florida statutes, the receiver, so far as the collection of delinquent taxes is concerned, stands in the place of the supervisors, and is entitled to recover the 2 per cent. penalty and attorney fees provided in case of nonpayment.

5. **Drains ⊜90—In suit to collect delinquent taxes, allegation of improper change of plans held no defense.**

In suit by receiver to recover delinquent drainage taxes, allegation of property owners that plans of drainage were changed by the supervisors, not in conformity to Laws Fla. 1913, c. 6458, § 39, charges at most an irregularity not open as a defense.

In Equity. Bill by Edward S. Hemphill, as receiver of the Baldwin Drainage District, against certain lands in said Baldwin Drainage District, the Duval Cattle Company, and others. On motions to strike portions of answers. Motions granted.

J. Turner Butler and John C. Cooper, Jr., both of Jacksonville, Fla., for complainant.

W. M. Bostwick, Jr., and Joseph M. Glickstein, both of Jacksonville, Fla., for defendants Duval Cattle Co. and Boyd.

Marks, Marks & Holt, of Jacksonville, Fla., for defendants St. Paul Trust Co. and Beddall.

CALL, District Judge. This is a bill by the receiver of this court, appointed in the suit of a bondholder, pursuant to a statute of the state of Florida, of the Baldwin drainage district, established by the decree of the circuit court for Duval county, in said state, to collect delinquent taxes for the years 1919, 1920, 1921, and 1922. Some of the defendants named in the bill as having an interest in the lands sought to be condemned, as owners and parties having interest subordinate to the lien for taxes, filed answers in which they deny the formation of the drainage district, and state certain facts which they claim makes the organization of the district null and void, and in other clauses set out certain changes in the plans of improvement which makes the taxes assessed illegal. Motions and amended motions were made to strike these portions of the answers. It was upon these motions that the hearing was had.

It will be necessary to take up the parts of the answers seriatim to understand the questions involved.

The first portion of the answers moved

to be stricken is the denial of the establishment of the drainage district, and the denial that the exceptions stated in the law under which the order of court creating the district do not affect the lands of the defendants. These specific denials are elaborated in other portions of the answer, in which it is admitted that the order of court was made, but insists that the laws of Florida provided for the levying of drainage taxes upon railroad rights of way, and the rights of way of the Seaboard and Atlantic Coast Line Railways, etc., were excepted from the territory embraced within the boundaries of the district, and the lands embraced within those boundaries are not contiguous bodies as required by the statute, and that the lands lying within said district consist of seven noncontiguous bodies, that the lands excepted are of great value.

[1-3] It is true that the statutes of Florida provide for the incorporation of contiguous bodies of wet land into a drainage district, but the statutes are particular to prescribe the procedure and the courts before whom the hearing is had for such establishment, the notices to be given the owners of lands within the territorial limits, the filing of objections, etc. These portions of the answers moved to be stricken do not challenge the correctness of the proceedings in any respect, except those pointed out above, and make them the basis of the attack upon the existence of this public corporation. Can this be done by a taxpayer in a suit to enforce delinquent taxes? As I read the authorities, and on principle, the answer to this question is, "No." Here is a regular proceeding under the statutes, before a court of competent jurisdiction, culminating in a decree establishing a drainage district, and this proceeding is sought to be collaterally attacked. This cannot be done. It is contended by the defendants that the proceedings show the court without jurisdiction to make the order, but to this contention I do not agree. It seems to me that, if the court committed error in its decree by reason of the lands being noncontiguous, the only way to correct that error was by an appeal which was provided for by the statute. Again, $300,000 of the bonds were duly validated, and no appeal taken from the validation of these bonds, and, as I read the authorities, it is too late for the taxpayer

to contest the validity of the bonds in a suit to enforce the payment of delinquent taxes, regularly assessed, to pay the principal and interest. Again, the drainage district was organized in 1916, and continued to operate, selling some $560,000 of the drainage bonds, constructing drains, etc., on the proceeds, until the institution of the bondholders' suit in 1924, and recognized by the state as a public corporation. At the suit of the state on quo warranto, the corporation would not be dissolved. I do not think a private person can be heard to question the regularity of such formation.

The motion to strike those portions of the answer, challenging the formation and existence of the corporation, will be granted. [4] Another portion of the answer moved to be stricken denies that the 2 per cent. penalty for nonpayment of taxes and attorney's fees are recoverable. The statute must be the guide. It provided for the penalty, and also for an attorney's fee, as costs, in event it is necessary to enforce payment by suit. As I understand the rulings of the courts, this is valid legislation in this class of cases. The point is made that the statute applies to the supervisors of the drainage district, but not to the receiver. Under the statute authorizing the appointment of receivers, he is placed in the position of the supervisors in so far as the collection of delinquent taxes are concerned. This motion will be granted. [5] Another portion of the answer moved to be stricken alleges the plans of drainage were changed by the supervisors, not in conformity to section 39 of chapter 6458, Laws of Florida. This at best was an irregularity, which is not open as a defense to the suit of a bondholder or the receiver appointed to collect delinquent taxes, and the motion to strike same will be granted.

Some point on the nonuniformity of the tax seems to have been in the mind of the pleader in certain allegations in the portions of the answer moved to be stricken. I think all such contentions are fully answered by the case of Lainhart v. Catts, 73 Fla. 735, 75 So. 47.

The answers of Duval Cattle Company and J. G. Boyd, and the St. Paul Trust Company and C. R. Beddall, are very similar, and the orders will apply to each of the answers as are applicable.